**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN LAZAR,<br><br>                Plaintiff,<br>    v.<br><br>SMG FOOD & BEVERAGE, LLC, a Delaware limited liability company; SHAUN BEARD, an individual; and DOES 1 through 250, inclusive,<br><br>                Defendants. | Case No. 2:11-cv-09571-ODW (JCGx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [16]** |

      Before the Court is Defendants SMG Food and Beverage, Inc. and Shaun Beard's Motion to Dismiss Plaintiff Stephen Lazar's First Amended Complaint. (Dkt. No. 16.) Because Plaintiff has not filed any opposition, and for the reasons discussed in Defendants' papers, the Court **GRANTS** Defendants' Motion.

      As Plaintiff should now know, Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least 21 days prior to the date designated for hearing the motion. C. D. Cal. L. R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C. D. Cal. L. R. 7-12.

///

The hearing on Defendants' motion was set for May 14, 2012. Plaintiff's opposition was therefore due by April 23, 2012. As of the date of this Order, Plaintiff has not filed an opposition, nor any other filing that could be construed as a request for a continuance. Plaintiff's failure to oppose may therefore be deemed consent to the granting of Defendants' Motion. Nevertheless, the Court has carefully considered Defendants' arguments in support and, for the reasons discussed in Defendants' papers, hereby **GRANTS** Defendants' Motion for Judgment on the Pleadings. The May 14, 2012 hearing on this matter is **VACATED**, and no appearances are necessary. The Court proceeds to remark briefly on the specific merits of Defendants' Motion.

This is not Plaintiff's first failure to oppose a motion seeking to dispose of Plaintiff's fourth claim for failure to accommodate under the Fair Employment and Housing Act ("FEHA") and seventh claim for intentional infliction of emotional distress ("IIED"). On March 5, 2012, Defendants filed a motion for judgment on the pleadings with respect to these claims. (Dkt. No. 13.) On March 19, 2012, following Plaintiff's failure to oppose Defendants' motion, the Court granted Defendants' motion for the reasons discussed in the motion and granted Plaintiff 14 days leave to amend. (Dkt. No. 14.) The Court specifically noted in that Order that an amended pleading must "allege additional *facts* necessary to state viable claims for failure to accommodate and intentional infliction of emotional distress." (*Id.* at 2 (emphasis added).)

On April 2, 2012, Plaintiff filed a First Amended Complaint. (Dkt. No. 16.) Despite the Court's instruction to Plaintiff to allege additional facts supporting his claims, Plaintiff's First Amended Complaint is nearly identical to Plaintiff's original complaint. The addition of paragraph 50 to Plaintiff's failure to accommodate claim does nothing to address the pleading infirmities addressed by Defendants' motion for judgment on the pleadings, namely that failure to provide additional time to consider a job transfer is not an accommodation under FEHA. (Dkt. No. 13, at 3.) Nor does

Plaintiff's addition of allegations to his IIED claim that Defendants failed to "respond[] to plaintiff's repeated requests for additional information between August 12, 2010 and August 18, 2010, when Defendant knew or reasonably should have known that Defendant's conduct was causing plaintiff severe emotional distress under the circumstances existing during this time as stated hereinabove" add enough facts to plead outrageous conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized society" sufficient to survive a motion to dismiss. *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982).

Viewed together, Plaintiff's failure to meaningfully amend his complaint to state his failure to accommodate and IIED claims and Plaintiff's repeated decision not to oppose Defendants' attacks on these claims suggest that any future attempts to amend these claims would be futile. Plaintiff's fourth claim for failure to accommodate and seventh claim for IIED are therefore **DISMISSED WITH PREJUDICE**. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.")

**IT IS SO ORDERED.**

May 1, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**